IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARIAH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26CV142 |
| | ) | |
| BROOKDALE SENIOR LIVING, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Mariah Jones's ("Jones's") application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons laid out below, Jones's application is granted for the limited purpose of allowing the Court to consider a recommendation of dismissal.

## I. DISCUSSION

Jones's Complaint alleges two claims: retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and wrongful termination. *See generally* Docket Entry 1 ("Compl."). The Court should dismiss the Complaint in its entirety because Jones has failed to state both claims.

The Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. at 555 (citation modified). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal

conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in their favor. *See Jehovah v. Clarke,* 798 F.3d 169, 176 (4th Cir. 2015).

## A. Title VII Retaliation

Jones alleges her former employer violated Title VII by disciplining and terminating her in retaliation for her complaints about "workplace issues, including unfair treatment and unsafe or improper working conditions." *See* Compl. at 8–10. Jones provides only two examples: on April 26, 2025, she was "left alone in a facility as a caregiver without proper staffing or support," and on May 2, her supervisor told her to "clean the spa room because 'we have no housekeeper,'" which was "outside [her] normal duties" as a caregiver. *See id.* at 4, 7, 9. Jones also alleges she "was sent a corrective action letter with somebody['s] name signed as a witness who wasn't there." *Id.* at 5.

These allegations are insufficient to state a claim under Title VII, which protects against retaliation for reporting discrimination against a protected class. *See* 42 U.S.C. §§ 2000e-2, 2000e-3. Absent such discrimination, Title VII does not protect complaints about workplace safety, being assigned work outside one's normal job duties, or being sent erroneous disciplinary letters. *See id.*; *Muller v. Westinghouse Elec. Co.*, LLC, LP, No. 3:20-CV-1094-SAL-KDW, 2022 WL 17345480, at *17 (D.S.C. Oct. 28, 2022) (collecting cases), *report and recommendation adopted as modified on other grounds*, No. 3:20-CV-1094-SAL-KDW, 2022 WL 17343484 (D.S.C. Nov. 30, 2022). Jones has failed to state a claim under Title VII because she has alleged no discrimination against a protected class.

## B. Wrongful Termination

Jones also alleges "wrongful termination" in violation of "federal law." *See* Compl. at 10. But Jones does not identify the federal statute or constitutional provision that provides relief for this claim. "A complaint fails to state a claim if it identifies no particular section of the statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation." *Swasey v. Seterus, Inc.*, No. 216CV01633TLNEFB, 2018 WL 3017554, at *13 (E.D. Cal. June 14, 2018) (quotation marks omitted). Jones therefore failed to state a wrongful termination claim under federal law.

To the extent that Jones intended to plead a claim for wrongful termination under North Carolina law, she still failed. "North Carolina adheres to the presumption of 'at-will' employment. This means that, unless

2

otherwise agreed upon by employment contract or a collective bargaining agreement, an employee may generally be terminated for no reason, or even for an arbitrary or irrational reason." *Shook v. NCG Acquisition, LLC*, 114 F.4th 242, 245 (4th Cir. 2024). However, an exception exists for wrongful termination in violation of public policy. *See id.* (citing *Coman v. Thomas Mfg. Co.*, 325 N.C. 172 (1989)). "To prove a wrongful discharge claim in violation of North Carolina public policy, a plaintiff must identify and rely upon a specific North Carolina statute or North Carolina constitutional provision stating North Carolina's public policy." *Carmon v.*

*Dance*, No. 5:18-CV-433-D, 2021 WL 232121, at *9 (E.D.N.C. Jan. 22, 2021) (collecting cases); *see also Shook, LLC*, 114 F.4th at 249. Having identified no North Carolina statute or constitutional provision, Jones failed to state this state law claim.

## II. CONCLUSION

It is **ORDERED** that Jones's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____

JoAnna Gibson McFadden
United States Magistrate Judge

February 18, 2026
Durham, North Carolina

3